UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:06CV-P59-R

MARK A. SHANNON                                                    PETITIONER

v.

BECKY PANCAKE                                                     RESPONDENT

MEMORANDUM & ORDER

The petitioner, Mark A. Shannon, filed this *pro se* petition on April 24, 2006, seeking

habeas corpus relief by way of 28 U.S.C. § 2254 (DN 1).  He has also filed an application to

proceed *in forma pauperis* (DN 4) and a motion seeking appointment of counsel (DN 5).

The petitioner's application to proceed *in forma pauperis* is **GRANTED**.

The Court will now proceed to make a preliminary review of the petition under Rule 4 of

the Rules Governing Section 2254 Cases in the United States District Courts.  Because the

petition appears to be barred by the applicable statute of limitations, the petitioner must show

cause why his petition should not be dismissed as untimely.

**I.  Procedural History**

On August 19, 1999, the Simpson Circuit Court convicted the petitioner of trafficking in

a controlled substance and of being a persistent felony offender in the first degree.  On

October 26, 2000, the Supreme Court of Kentucky affirmed his conviction.  It appears that the

petitioner did not seek certiorari review from the United States Supreme Court.

He did, however, file a motion to vacate, set aside or correct sentence pursuant to

Kentucky Rule of Criminal Procedure ("RCr.") 11.42, in Simpson Circuit Court on June 1, 2001.

The circuit court denied his motion on January 30, 2002.  The petitioner appealed to the

Kentucky Court of Appeals on February 15, 2002.  The Kentucky Court of Appeals affirmed the Simpson Circuit Court on April 25, 2003.  It does not appear that the petitioner moved the Kentucky Supreme Court for discretionary review.

On December 27, 2002, the petitioner filed a motion with the Simpson Circuit Court pursuant to Kentucky Rule of Civil Procedure ("CR") 60.02, which was denied as untimely on June 18, 2004.  The petitioner then sought discretionary review from the Kentucky Supreme Court, which was denied on November 10, 2004.

In the meantime, on October 1, 2003, the petitioner filed another CR 60.02 motion in Simpson Circuit Court.  Like his other CR 60.02 motion, this motion was also denied as untimely on March 31, 2004.  The Kentucky Court of Appeals affirmed the circuit court's denial on December 9, 2005.  It does not appear that the petitioner sought discretionary review of this decision from the Kentucky Supreme Court.  A few months later, on April 24, 2006, the petitioner filed this action seeking habeas relief pursuant to 28 U.SC. § 2254  (DN 1).

## II.  Analysis

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000).  The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody.  The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State

2

action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, the petitioner's conviction became final under AEDPA's statute-of-limitations period when the time for requesting the United States Supreme Court to grant certiorari review of the Kentucky Supreme Court's decision to affirm his conviction expired, January 24, 2001. Thus, the one-year period for the petitioner to file his habeas petition in federal court began to run on this date. It continued running until the petitioner properly filed an application for state post-conviction collateral review, which did not occur until June 1, 2001. Thus, 129 days of the statute of limitations elapsed during this time period. The statute of limitations remained tolled during the pendency of the petitioner's R.Cr. 11.42 motion. The Kentucky Court of Appeals affirmed the trial court's denial of that motion on April 25, 2003. The petitioner's R.Cr. 11.42 motion ceased be to "pending" thirty days later, on May 26, 2003,[1] when the time for seeking discretionary review from the Kentucky Supreme Court expired.

---

[1]Because the thirtieth day actually fell on Sunday, May 25, 2003, the petitioner had until the following court day to seek discretionary review.

Accordingly, the AEDPA's statute of limitations began running again as of this date unless the petitioner had another properly filed time-tolling, post-conviction motion pending in state court at that time.  The petitioner did have a CR 60.02 motion pending in the Kentucky Court of Appeals at that time.  That motion, however, was ultimately dismissed by the state court as time barred.   Thus, the question is whether the petitioner's CR 60.02 motion can be considered "properly filed."  "The United States Supreme Court has held that an application for post-conviction relief is 'properly filed' within the meaning of § 2244(d)(2) 'when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example,  . . . the time limits upon its delivery.'"  *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003) (quoting  *Artuz v. Bennett*, 531 U.S. 4, 8, (2000)).  Because the petitioner's CR 60.02 motion was untimely, the petitioner cannot rely on it to toll the AEDPA's statute of limitations.  *Id.* (holding that the state's determination of whether a post-conviction petition is "properly filed [including whether it was timely] governs whether such action tolls the statute of limitations under § 2244(d)(2)").   The same is true of the petitioner's second CR 60.02 motion since it was also deemed untimely by the Kentucky courts.

Thus, under the AEDPA the statute of limitations for the petitioner to file a habeas petition in this court began to run again on May 26, 2003, and expired 236 days later[2] on January 17, 2004.  Since the petitioner did not file his petition in this court until April 24, 2006, it appears to be time-barred.

Furthermore, the petitioner has failed to allege any facts or circumstances that would warrant the application of equitable tolling in this case.  *See Allen v. Yukins*, 366 F.3d 396 (6th

---

[2]As explained above, 129 days had previously elapsed between the time the petitioner's conviction became final and the time he filed his R.Cr. 11.42 motion.

Cir. 2004); *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001).  Accordingly, based on the foregoing, it appears that the petitioner's § 2254 motion should be summarily dismissed by the court as barred by the applicable one-year statute of limitations.  Before dismissing the action on this ground, however, the Court will provide the petitioner with an opportunity to respond.  *Day v. McDonough,* --- S.Ct. ---, 2006 WL 1071410 9 (U.S. Apr. 25, 2006) ("[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions.").

**WHEREFORE, IT IS ORDERED** that within **thirty (30) days** from entry of this memorandum order, the petitioner must show cause why his § 2254 petition for writ of habeas corpus should not be dismissed as barred by the applicable one-year statute of limitations.

Failure to respond within the time allotted **will result in dismissal** of the action for the reasons set forth herein.

### III.  Motion to Appoint Counsel

Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required.  *See Swazo v. Shillinger*, 23 F.3d 332, 333 (10th Cir. 1994).  Otherwise, the appointment of counsel for a federal habeas petitioner is within "the discretion of the court and is required only where the interests of justice or due process so require."  *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).  Pursuant to 18 U.S.C. § 3006A(a)(2)(B), if the court "determines that the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under section 2241, 2254, or 2255 or title 28."  In the absence of an evidentiary hearing, "the exceptional circumstances justifying the appointment of counsel to represent a prisoner acting

*pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim." *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 788 (E.D. Mich. 2004).

Here, as indicated above, it does not appear that the petitioner has a colorable claim and, based on the petitioner's other filings, the Court believes that the petitioner is capable of responding to this show cause order without the assistance of counsel.  As such, the petitioner's motion for appointment of counsel (DN 5) is **DENIED.**  The petitioner may renew his motion to appoint counsel at a later date should this action be permitted to proceed past initial review.

Date:

cc:      Petitioner, *pro se*

4413.008