UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:06CV-P59-R

MARK A. SHANNON                                    PETITIONER

v.

BECKY PANCAKE                                      RESPONDENT

## MEMORANDUM OPINION

The petitioner, Mark A. Shannon, filed this *pro se* petition on April 24, 2006, seeking

habeas corpus relief by way of 28 U.S.C. § 2254 (DN 1).  By Memorandum and Order entered

July 18, 2006, the Court concluded that the petition should be dismissed as time-barred but

provided the petitioner with an opportunity to respond (DN 6).  The petitioner filed a response

on August 9, 2006, (DN 8), which the Court has reviewed.  The petitioner also filed a motion to

supplement his response and a supplemental brief (DN 9), which the Court has also reviewed.

For the reasons that follow, the petitioner's § 2254 petition will be dismissed as time-barred.

### I.  Procedural History

On August 19, 1999, the Simpson Circuit Court convicted the petitioner of trafficking in

a controlled substance and of being a persistent felony offender in the first degree.  On

October 26, 2000, the Supreme Court of Kentucky affirmed his conviction.  It appears that the

petitioner did not seek certiorari review from the United States Supreme Court.

He did, however, file a motion to vacate, set aside or correct sentence pursuant to

Kentucky Rule of Criminal Procedure ("RCr") 11.42, in Simpson Circuit Court on June 1, 2001.

The circuit court denied his motion on January 30, 2002.  The petitioner appealed to the

Kentucky Court of Appeals on February 15, 2002.  The Kentucky Court of Appeals affirmed the

Simpson Circuit Court on April 25, 2003. It does not appear that the petitioner moved the Kentucky Supreme Court for discretionary review.

On December 27, 2002, the petitioner filed a motion with the Simpson Circuit Court pursuant to Kentucky Rule of Civil Procedure ("CR") 60.02, which was denied as untimely on June 18, 2004. The petitioner then sought discretionary review from the Kentucky Supreme Court, which was denied on November 10, 2004.

In the meantime, on October 1, 2003, the petitioner filed another CR 60.02 motion in Simpson Circuit Court. Like his other CR 60.02 motion, this motion was also denied as untimely on March 31, 2004. The Kentucky Court of Appeals affirmed the circuit court's denial on December 9, 2005. It does not appear that the petitioner sought discretionary review of this decision from the Kentucky Supreme Court. However, a few months later, on April 24, 2006, the petitioner filed this action seeking habeas relief pursuant to 28 U.SC. § 2254 (DN 1).

## II. Analysis

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

      (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

      In the present case, the petitioner's conviction became final under AEDPA's statute-of-limitations period when the time for requesting the United States Supreme Court to grant certiorari review of the Kentucky Supreme Court's decision to affirm his conviction expired, January 24, 2001.  Thus, the one-year period for the petitioner to file his habeas petition in federal court began to run on this date.  It continued running until the petitioner properly filed an application for state post-conviction collateral review, which did not occur until June 1, 2001.  Thus, 129 days of the statute of limitations elapsed during this time period.  The statute of limitations remained tolled during the pendency of the petitioner's RCr 11.42 motion.  The Kentucky Court of Appeals affirmed the trial court's denial of that motion on April 25, 2003.  The petitioner's RCr 11.42 motion ceased be to "pending" thirty days later, on May 26, 2003,[1] when the time for seeking discretionary review from the Kentucky Supreme Court expired.

      Accordingly, the AEDPA's statute of limitations began running again as of this date

---

[1]Because the thirtieth day actually fell on Sunday, May 25, 2003, the petitioner had until the following court day to seek discretionary review.

unless the petitioner had another properly filed time-tolling, post-conviction motion pending in state court at that time.  The petitioner had CR 60.02 motions pending in the Kentucky Court of Appeals.  Those motions, however, were ultimately dismissed by the state court as time-barred.

Thus, the question is whether the petitioner's CR 60.02 motions can be considered "properly filed."  "An application for post-conviction relief is 'properly filed' within the meaning of § 2244(d)(2) 'when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.  These usually prescribe, for example,  . . . the time limits upon its delivery.'"  *Vroman v. Brigano*, 346 F.3d 598, 603 (6th Cir. 2003) (quoting *Artuz v. Bennett*, 531 U.S. 4, 8, (2000)).  An application that is untimely is not properly filed, and therefore, cannot toll the statute under § 2244(d)(2).  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("We hold that time limits, no matter their form, are 'filing' conditions.  Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).").

The petitioner seems to suggest in response to this Court's show cause order that the state court improperly deemed his CR 60.02 motions untimely.  The petitioner states, "in regards to the petitioner's CR 60.02 motion being ruled untimely by the State Court, there has been many other movants to move a sentencing Court under CR 60.02(f) after more than five (5) years."  The state's determination on the timeliness issue, however, is conclusive.  *Vroman*, 346 F.3d at 603 (holding that the state's determination of whether a post-conviction petition is "properly filed [including whether it was timely] governs whether such action tolls the statute of limitations under § 2244(d)(2)").

Thus, under the AEDPA the statute of limitations for the petitioner to file a habeas

4

petition in this court began to run again on May 26, 2003, and expired 236 days later on January 17, 2004.[2]  Since the petitioner did not file his petition in this Court until April 24, 2006, it is time-barred.

Moreover, although provided an opportunity to do so by the Court, the petitioner has failed to allege any facts or circumstances that would warrant the application of equitable tolling in this case.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace*, 544 U.S. at 418.  To determine the appropriateness of equitably tolling the statute of limitations, a district court should consider the following five factors:  (1) the movant's lack of notice of the filing requirement; (2) the movant's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the movant's reasonableness in remaining ignorant of the legal requirement for filing his claim.  *Id.* at 1010 (applying the five-factor test set forth in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988)).  The *Andrews* list "is not necessarily comprehensive, and not all factors are relevant in all cases."  *Vroman v. Brigano,* 346 F.3d 598, 605 (6th Cir. 2003).

Here, at most, the petitioner has shown that he incorrectly believed his CR 60.02 motions to be timely under state law.  Though lack of actual notice and constructive knowledge of the statute of limitations are factors to be considered by a court when it determines the appropriateness of equitably tolling a statute of limitations, the Sixth Circuit has recognized that ignorance of the law does not excuse prompt filing.  *Allen*, 366 F.3d at 403; *Price v. Jamrog*, No.

---

[2]As explained above, 129 days had previously elapsed between the time the petitioner's conviction became final and the time he filed his RCr 11.42 motion.

03-1463, 2003 WL 22435645, at *2 (6th Cir. Oct. 23, 2003) (holding that ignorance of the law does not excuse the late filing of a habeas corpus petition) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir.1999) which held that "ignorance of the law even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing"); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (concluding that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues . . ., there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer").

The petitioner has presented this Court with absolutely no basis upon which to equitably toll the statute of limitations in his favor.  As such, for the reasons explained above, the petitioner's 28 U.S.C. § 2254 petition seeking a writ of habeas corpus from this Court must be dismissed as time-barred.

### III.  Certificate of Appealability

In the event that the petitioner appeals this Court's decision, he is required to obtain a certificate of appealability.  28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate.  *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("Whether the district judge determines to issue a COA along with the denial of a writ of habeas corpus or upon the filing of a notice of appeal, the district judge is always required to comply with § 2253(c)(2) & (3) by 'indicat[ing] which specific issue or issues satisfy the showing required,' 28 U.S.C. § 2253(c)(3), *i.e.*, a 'substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2).").

When a district court denies such a petition on procedural grounds without addressing the

6

merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:      Petitioner, *pro se*

4413.008